IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAGER PRO INC.                                                                                                                  PLAINTIFF

VS.                                                CIVIL ACTION NO. 1:20-CV-17-GHD-DAS

BACKWOODS SOLUTIONS, LLC; and
WILDLIFE DOMINION MANAGEMENT LLC                         DEFENDANTS

**OPINION GRANTING DEFENDANTS' MOTIONS TO STAY PROCEEDINGS
PENDING *INTER PARTES* REVIEW OF PLAINTIFF'S PATENTS**

Presently before the Court is Defendants Backwoods Solutions, LLC, and Wildlife Dominion Management LLC's Motion to Stay Proceedings Pending *Inter Partes* Review of Plaintiff's Patents [33]. The Plaintiff, in their Complaint, alleges that the Defendants have infringed on two of the Plaintiff's patents, United States Patent Number 9,814,228 ("the '228 patent") and United States Patent Number 10,098,339 ("the '339 patent"), which relate to wild hog traps that can be activated remotely [1]. Both patents are the subjects of petitions for *Inter Partes* review that have been filed with the Patent Trial and Appeal Board ("the Board") of the United States Patent and Trademark Office ("USPTO") [34]. These petitions were filed by W-W Manufacturing, a defendant in a similar case brought by the Plaintiff in the United States District Court for the Western District of Oklahoma ("the Oklahoma Action") [*Id.*]. The District Court in the Western District of Oklahoma has already granted a stay in that case, pending the Board's ruling [*Id.*]. The Defendants in the case *sub judice* have filed a Motion to Stay Proceedings Pending *Inter Partes* Review of the Plaintiff's Patents, in light of the petitions already filed by W-W Manufacturing [33]. The Plaintiff has filed its Response in Opposition to the Defendants' Motion to Stay Proceedings [37], the Defendants have filed their Reply to the Plaintiff's Response [40], and the Motion is now ready for review. For the reasons stated herein, the Defendants'

Motion to Stay Proceedings Pending *Inter Partes* Review of Plaintiff's Patents is GRANTED AS STIPULATED.

## I. Legal Standard

Courts have the inherent, discretionary authority to control their dockets by staying proceedings, with the exercise of this authority involving the balancing of competing interests and issues. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When considering whether to stay a proceeding, the Court will typically consider three main factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). Other significant factors for consideration include whether a stay will reduce the cost for both the parties and the Court; whether judicial efficiency will be improved; whether a stay in light of a review by the Board would "at least likely result in a narrowing and simplifying of the issues before the Court"; and whether the technical expertise provided by the Board's review process would be helpful to the Court for any remaining matters. *See Premier Intern. Associates LLC v. Hewlett-Packard Co.*, 554 F.Supp.2d 717, 720 (E. D. Tex. 2008) *and Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1985). This emphasis on judicial efficiency and the minimization of the Court's efforts is paralleled by the rationale behind the development and use of the *Inter Partes* review process, which was designed in part to minimize duplicative efforts by the Courts. *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48, 721 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.). "[A]n auxiliary function [of the IPR] is to free the Court from any need to consider prior art without the benefit of

2

the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed.Cir.1985). Thus, as has been noted by the District Court for the Northern District of California, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1031 (C.D. Cal. 2013).

## II. Legal Analysis

This proceeding is at a relatively early stage, as the discovery has yet to conclude and the claim construction hearing has yet to occur. Moreover, the Defendants' argument that a stay would result in reduced litigation costs is supported by governmental statements on the IPR process in general that were published in the Federal Register. *See* 77 Fed. Reg. 48,680. Given this rationale behind the IPR process, this Court is unconvinced that any anticipated costs suffered by the Plaintiff would not be unduly prejudicial, especially when considered on balance with the arguments on costs presented by the Defendants. As such, staying this proceeding will not unduly prejudice the nonmoving party, or present the moving party with a clear tactical advantage.

The Plaintiff argues that staying this proceeding would unfairly allow the Defendants "to 'game the system' by making invalidity arguments in this case that would be barred by statutory estoppel that applies to the Oklahoma Defendant that requested USPTO review, does not apply to Defendants in this case" [39, at 9]. However, the Defendants have agreed to be bound by any Board ruling, to the same extent as the Oklahoma Defendant would be. Under this stipulation, the Plaintiff's primary argument falls away.

Lastly, an IPR proceeding would likely clarify and narrow the issues and claims present in this case. Additionally, an IPR proceeding would prevent duplicative litigation in separate District Courts and eliminate the prospect of inconsistent or conflicting validity determinations by the Courts. Settling this issue in a single proceeding would therefore preserve judicial efficiency and

clarity while preventing unnecessary expenditure of the Court's resources.

### III. Conclusion

The Plaintiff has conceded that staying litigation in light of an IPR proceeding is both a "typical strategy for defendants in patent cases" and "a standard approach to patent litigation" [39, at 8]. This Court agrees, and finds that staying this proceeding is appropriate under the stipulation that the Defendants in this case be bound by the Board's findings to the same extent as that of the Oklahoma Defendant that filed the IPR petitions at issue in this matter. For the reasons stated above, the Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review of Plaintiff's Patents [33] is GRANTED AS STIPULATED.

An order in accordance with this opinion shall issue this day.

THIS, the 11th day of December, 2020.

_____
SENIOR U.S. DISTRICT JUDGE